Ryan Lee (SBN: 235879)
rlee@consumerlawcenter.com
Matthew A. Rosenthal (SBN 279334)
mrosenthal@consumerlawcenter.com
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Tel: (323) 988-2400
Fax: (866) 861-1390
BRADLEY BUTCHER

FILED
CLERK, U.S. DISTRICT COURT
APR - 2 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

BRADLEY BUTCHER,

    Plaintiff,

v.

CITIGROUP, INC.,

    Defendant.

Case No.: LA CV14 02480-MMM (JC)

COMPLAINT AND DEMAND FOR JURY TRIAL

(Unlawful Debt Collection Practices)

BRADLEY BUTCHER (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against CITIGROUP, INC. (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (RFDCPA).

RECEIVED
CLERK, U.S. DISTRICT COURT
MAR 2 7 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business and is principally located in the State of California thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Los Angeles, Los Angeles County, California.

7. Defendant is a business entity with offices located throughout the country, including an office in New York, New York.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

10. Defendant places collection calls from telephone numbers, including, but not limited to, 877-437-1987.

11. Defendant places collection calls to Plaintiff's cellular telephone at phone number 818-448-96XX.

12. In or around November of 2013, Defendant began placing collection calls to Plaintiff on his cellular telephone, attempting to collect a debt for an individual named Jeremy Sloan.

13. Per its prior business practices, each of these collection calls were placed using an automatic telephone dialing system.

14. Defendant places one (1) to eight (8) calls to Plaintiff's cellular telephone on a daily

basis.

15. Plaintiff does not have any business dealings with Defendant, did not at any time provide Defendant with his cellular telephone number, nor did Plaintiff at any time provide consent for Defendant to place calls to his cellular telephone using an automated telephone dialing system.

16. On at least three (3) occasions, on January 23, 2014, January 24, 2014 and January 26, 2014, Plaintiff spoke with a supervisor and requested that Defendant cease placing collection calls to his cell phone as he is not Jeremy Sloan, and that they have the wrong person.

17. Despite Plaintiff's insistence that Defendant is calling the wrong person, Defendant continued to place calls to Plaintiff at the following approximate dates and times:

- January 15, 2014: two (3) calls at 12:10 p.m., 3:12 p.m. and 6:16 p.m.
- January 16, 2014: three (3) calls at 8:11 a.m., 11:26 a.m. and 6:27 p.m.
- January 17, 2014: one (1) call at 5:46 p.m.
- January 18, 2014: three (3) calls at 8:17 a.m., 11:19 a.m. and 3:30 p.m.
- January 19, 2014: one (1) call at 10:49 a.m.
- January 20, 2014: three (3) calls at 8:35 a.m., 12:19 p.m. and 4:13 p.m.
- January 21, 2014: two (2) calls at 2:13 p.m. and 5:53 p.m.
- January 22, 2014: four (4) calls at 8:14 a.m., 12:27 p.m., 3:40 p.m. and 6:40 p.m.
- January 23, 2014: four (4) calls at: 8:26 a.m., 1:03 p.m., 4:07 p.m. and 7:13 p.m.
- January 24, 2014: four (4) calls at 8:38 a.m., 11:41 a.m., 2:59 p.m. and 6:08 p.m.
- January 25, 2014: three (3) calls at 8:29 a.m., 11:33 a.m. and 3:16 p.m.
- January 26, 2014: four (4) calls at 8:48 a.m., 10:50 a.m., 12:52 p.m., and 3:04 p.m.
- January 27, 2014: three (3) calls, one of which at 8:40 a.m.

- January 29, 2014: two (2) calls at 5:11 p.m. and 8:33 p.m.
- January 30, 2014: four (4) calls at 9:25 a.m., 12:37 p.m., 4:41 p.m. and 8:54 p.m.
- January 31, 2014: four (4) calls at 9:12 a.m., 12:22 p.m., 3:23 p.m. and 6:23 p.m.
- February 1, 2014: four (4) calls at 9:24 a.m., 11:38 a.m., 1:40 p.m. and 3:43 p.m.
- February 2, 2014: two (2) calls at 9:42 a.m. and 11:48 a.m.
- February 3, 2014: four (4) calls at 9:22 a.m., 1:16 p.m., 4:18 p.m. and 7:19 p.m.
- February 4, 2014: four (4) calls at 9:20 a.m., 12:54 p.m., 4:46 p.m. and 7:47 p.m.
- February 5, 2014: three (3) calls at 9:12 a.m., 12:35 p.m. and 3:37 p.m.
- February 6, 2014: three (3) calls at 9:22 a.m., 12:47 p.m. and 3:50 p.m.
- February 7, 2014: four (4) calls at 9:27 a.m., 12:42 p.m., 3:58 p.m. and 6:59 p.m.
- February 8, 2014: four (4) calls at 9:40 a.m., 11:57 a.m., 3:58 p.m. and 4:05 p.m.
- February 9, 2014: two (2) calls at 9:41 a.m. and 11:43 a.m.
- February 10, 2014: six (6) calls at 8:26 a.m., 9:26 a.m., 11:40 a.m., 12:40 p.m., 2:41 p.m. and 3:41 p.m.
- February 11, 2014: seven (7) calls at 11:42 a.m., 12:42 p.m., 2:41 p.m., 4:23 p.m., 5:23 p.m., 7:48 p.m., and 8:48 p.m.
- February 12, 2014: four (4) calls at 8:31 a.m., 9:31 a.m., 12:47 p.m. and 7:57 p.m.
- February 13, 2014: four (4) calls at 9:59 a.m., 1:15 p.m., 4:23 p.m. and 7:29 p.m.
- February 14, 2014: eight (8) calls at 8:27 a.m., 9:27 a.m., 4:11 p.m., 1:09 p.m., 2:09 p.m., 4:11 p.m., 5:11 p.m. and 8:27 a.m.
- February 15, 2014: six (6) calls at 8:46 a.m., 9:46 a.m., 12:07 p.m., 1:07 p.m., 2:53 p.m. and 3:53 p.m.
- February 16, 2014: six (6) calls at 9:19 a.m., 12:33 p.m., 1:33 p.m., 2:44 p.m., 3:44 p.m. and 8:19 a.m.

- February 17, 2014: six (6) calls at 11:51 a.m., 12:51 p.m., 3:11 p.m., 4:11 p.m., 6:13 p.m., and 7:13 p.m.
- February 18, 2014: two (2) calls at 12:07 p.m. and 8:41 a.m.
- February 19, 2014: four (4) calls at 6:38 p.m., 2:55 p.m., 11:52 a.m. and 8:24 a.m.
- February 20, 2014: four (4) calls at 6:07 p.m., 2:59 p.m., 11:46 a.m. and 8:26 a.m.
- February 22, 2014: one (1) call at 11:55 a.m.
- February 23, 2014: two (2) calls at 12:01 p.m. and 9:34 a.m.
- February 24, 2014: three (3) calls at 6:38 p.m., 3:37 p.m. and 10:28 a.m.
- February 25, 2014: four (4) calls at 7:56 p.m., 4:00 p.m., 11:54 a.m. and 8:27 a.m.
- February 26, 2014: four (4) calls at 7:00 p.m., 3:22 p.m., 11:53 a.m. and 8:40 a.m.
- February 27, 2014: three (3) calls at 5:57 p.m., 11:54 a.m. and 8:28 a.m.
- February 28, 2014: two (2) calls at 5:36 p.m. and 9:00 a.m.
- March 1, 2014: one (1) call at 10:55 a.m.
- March 2, 2014: two (2) calls at 1:56 p.m. and 11:52 a.m.
- March 3, 2014: four (4) calls at 5:50 p.m., 2:50 p.m., 11:48 a.m. and 8:21 a.m.
- March 4, 2014: three (3) calls at 5:54 p.m., 11:49 a.m. and 8:24 a.m.
- March 5, 2014: three (3) calls at 5:55 p.m., 2:54 p.m. and 11:48 a.m.
- March 6, 2014: three (3) calls at 5:24 p.m., 2:15 p.m. and 10:47 a.m.
- March 7, 2014: two (2) calls at 5:56 p.m. and 8:46 a.m.
- March 8, 2014: three (3) calls at 9:36 a.m., 2:52 p.m. and 12:50 p.m.
- March 9, 2014: three (3) calls at 2:56 p.m., 12:55 p.m. and 10:54 a.m.

- March 10, 2014: three (4) calls at 8:32 a.m., 11:59 a.m., 3:06 p.m. and 6:07 p.m.
- March 11, 2014: four (4) calls at 8:39 a.m., 12:07 p.m., 3:17 p.m., and 6:18 p.m.
- March 12, 2014: two (2) calls at 8:29 a.m. and 1:55 p.m.
- March 13, 2014: four (4) calls at 8:18 a.m., 11:43 a.m., 2:50 p.m. and 5:51 p.m.
- March 14, 2014: three (3) calls at 9:07 a.m., 2:37 p.m. and 5:38 p.m.
- March 15, 2014: four (4) calls at 8:46 a.m., 10:55 p.m., 12:57 p.m., and 2:58 p.m.
- March 16, 2014: two (2) calls at 1:25 p.m. and 3:29 p.m.,
- March 17, 2014: three (3) calls at 8:21 a.m., 11:42 a.m. and 2:45 p.m.,
- March 18, 2014: four (4) calls at 8:49 a.m., 11:52 a.m., 3:25 a.m. and 6:26 p.m.,
- March 19, 2014: four (4) calls at 8:42 a.m., 1:26 a.m., 4:29 a.m. and 7:30 p.m.
- March 20, 2014: four (4) calls at 8:34 a.m., 1:11 p.m., 4:12 p.m., and 7:18 p.m.
- March 21, 2014: one (1) call at 8:39 a.m.

18. Defendant placed at least two-hundred seventeen (217) automated calls to Plaintiff without his consent to do so, including one hundred ninety-seven (197) calls after Plaintiff's request to cease.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTIONS ACT

19. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

20. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Wherefore, Plaintiff, BRADLEY BUTCHER, respectfully requests judgment be entered against Defendant, CITIGROUP, INC. for the following:

21. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

22. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

23. All court costs, witness fees and other fees incurred; and

24. Any other relief that this Honorable Court deems appropriate.

## COUNT II
### DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

26. Defendant violated the RFDCPA based on the following:

    a. Defendant violated § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

    b. Defendant violated § 1788.11(e) of the RFDCPA by communicating with Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff.

    c. Defendant violated § 1788.17 of the RFDCPA by failing to comply with the Fair Debt Collection Practices, Act, 15 U.S.C. § 1692 *et seq.*, to wit:

        1. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

        2. Defendant violated §1692d(6) of the FDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, harass, or abuse Plaintiff.

WHEREFORE, Plaintiff, BRADLEY BUTCHER, respectfully requests judgment be entered against Defendant, CITIGROUP, INC. for the following:

27. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

28. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

29. Any other relief that this Honorable Court deems appropriate.

DATED: March 25, 2014

RESPECTFULLY SUBMITTED,
KROHN & MOSS, LTD.



By: /s/
Ryan Lee
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BRADLEY BUTCHER, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, BRADLEY BUTCHER, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, BRADLEY BUTCHER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 3-7-14

BRADLEY BUTCHER

PLAINTIFF'S COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Margaret M. Morrow_____ and the assigned Magistrate Judge is _____Jacqueline Chooljian_____.

The case number on all documents filed with the Court should read as follows:

### 2:14-cv-02480-MMM (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____April 2, 2014_____          By   _____Rudy Lopez_____
Date                                   Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)      NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| BRADLEY BUTCHER | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | LA CV14 02480-MMM (JC) |
| CITIGROUP, INC | |
| DEFENDANT(S). | SUMMONS |

TO: DEFENDANT(S): CITIGROUP, INC

A lawsuit has been filed against you.

Within  21  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Ryan Lee, Esq._____, whose address is Krohn & Moss, Ltd.; 10474 Santa Monica Blvd., Suite 405; Los Angeles, CA 90025___. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: APR - 2 2014

By: /s/ [signature]
Deputy Clerk

(Seal of the Court)
1164

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
BRADLEY BUTCHER

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
CITIGROUP, INC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
Krohn & Moss, Ltd.; Ryan Lee, Esq. 10474 Santa Monica Blvd., Suite 405; Los Angeles, CA 90025 (323) 988-2400

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692 et seq.; Unlawful and Abusive Debt Collection Practices

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ- enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com- modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities- Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: LA CV14 02480-MMM (JCx)

CV-71 (09/13)          CIVIL COVER SHEET          Page 1 of 3

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET



**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br>☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**  DATE: 3/25/2014

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |